SHUMWAY and others *v.* CHICAGO & IOWA R. Co. and others.

*(Circuit Court, N. D. Illinois. ——, 1880.)*

1. REMOVAL—WANT OF CONTROVERSY.—In a controversy between a railroad and its stockholders, as to the validity of certain shares of the railroad stock, the cause cannot be removed to the federal court upon the application of the holder of such stock, where there is no controversy as to its ownership.

DRUMMOND, C. J. This was a bill filed in the state court by several stockholders of the railroad company for the purpose of obtaining a decree of the court declaring that certain shares of stock, issued by the president of the railroad company to the Chicago, Burlington & Quincy Railroad Company, were invalid. There was an answer put in by the defendants, and, after various steps taken in the state court, Charles E. Perkins, one of the officers of the Chicago, Burlington & Quincy Railroad Company, and a citizen of Iowa, made application to have the cause removed to this court. The usual petition and bond were filed, and the record is brought to the court and leave asked by the defendants to have the transcript of the record from the state court filed, and the cause entered upon the calendar, on the ground that it has been properly removed from the state court to this court. To this objection is made by the plaintiffs, they insisting that the cause is not of such a character as it can be properly transferred to this court.

The controversy is as to the validity of 6,640 shares of stock of the Chicago & Iowa Railroad Company. There seems to be no controversy as to the ownership of this stock, if valid,

being in the Chicago, Burlington & Quincy Railroad Company. Admitting that there may be a question as to the part .which each of the individual defendants may have taken in any act affecting the validity of the stock, still I do not well· see how, under the facts of the case, and considering the questions involved in it, there can be said to be a controversy which is wholly between Mr. Perkins, who asks for the removal of the cause, and the plaintiffs. If it were admitted that ·he took a more active part in any transaction which would tend to render, or which would actually ren ler, the. stock invalid, it is difficult to understand how that m .kes it a controversy wholly between him and the plaintiffs, or between the plaintiffs and any one of the individual defendants. And if it were conceded also that one of the individual defendants was the owner of a portion of the stock, and its invalidity was to be determined or ascertained from transactions in which the defendants participated jointly, I cannot see that it should be regarded as creating such a controversy; but, as has already been stated, in view of the admitted ownership of the shares of the stock, there cannot be said to be any controversy existing in the case, which is wholly between Mr. Perkins and the plaintiffs, and therefore the application which is made to have the transcript of the rec-· ord filed, and the cause entered on the calendar, is overruled.